ORIGINAL

Jerry J. Jarzombek, Esq.
The Miller & Miller Firm, PLLC
714 W. Magnolia
Fort Worth, Texas 76104
Voice: 817-335-3396
Fax: 817-870-2674

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 21 2001
CLERK, U.S. DISTRICT COURT
By ______
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BASIL DEMARS and DIANA DEMARS, Plaintiffs, | Civil Action No. 3-01CV0544-H |
| vs. | **COMPLAINT and DEMAND FOR JURY TRIAL** |
| COLDATA, INC., COLDATA OF ARIZONA, INC. and ZACH JORDAN, Defendants. | (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1. Plaintiffs, Basil Demars and Diana Demars, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, et seq. ("TDCA") to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA and the TDCA.

2. Defendants, Coldata, Inc. and Coldata of Arizona, Inc. (collectively, "Coldata") and Zach Jordan ("Jordan") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiffs arising from a purported obligation to "Associates National" ("Associates"). The obligation ("Debt") required Plaintiffs to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Coldata says that it is collecting the Debt for Norwest, as Trustee for CFS. If true, CFS purchased the Debt at a time when it was in default, paid only a small fraction of the amount claimed by Coldata, and did so for the express purpose of collecting the same for a windfall profit.

**Jurisdiction and Venue**

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

**Parties**

5. Plaintiffs are citizens of the State of Texas. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6. Coldata is an entity which claims to have its corporate office in New York. Coldata also claims to maintain an office in Phoenix, Arizona. Plaintiffs have received collection letters from Coldata, Inc., which is located in New York. A duplicate of the correspondence dated October 26, 2000 (and the envelope indicating that it was posted on November 9, 2000) are attached hereto as

**Exhibit A** and incorporated herein by reference. Plaintiffs received phone calls from Jordan, who left a number of 800-833-5313, which is answered by Coldata of Arizona, Inc. Coldata is an entity engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Coldata's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. Coldata is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(5). Coldata is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(6).

7. Jordan is an individual engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Jordan's business is the collection of consumer debts using the mails and telephone, and Jordan regularly attempts to collect consumer debts for others. Jordan is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(5). Jordan is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(6). Jordan was employed by Coldata on or about March 23, 2000 through March 27, 2000.

**Factual Allegations**

8. After a reasonable opportunity for further investigation and discovery, the Plaintiffs say that the Plaintiffs will have evidentiary support to show that the Debt that Coldata is attempting to collect is time barred, having been charged off sometime in 1991. Additionally, the debt was incurred by Basil Demars at a time prior to his marriage to Diana Demars.

9. On March 23, 2000 Jordan had a telephone conversation with Diana Demars. During this conversation, Jordan stated that Coldata could take funds from the Plaintiffs' bank account, and

would have those funds in three weeks. Jordan also stated that Coldata could file a lien against Plaintiffs' home.

10. On March 24, 2000 Jordan had a telephone conversation with Basil Demars and Diana Demars. During that conversation, Jordan made several representations, including:

a. Coldata could garnish Plaintiffs' wages;

b. Coldata could file a lawsuit to collect this debt;

c. Plaintiffs would be embarrassed with 1/3 of a paycheck is gone due to wage garnishment;

d. Diana Demars was also responsible for this debt because she "married him [Basil] with the debt;" and.

e. The Debt has a seven-year statute of limitations, which restarts whenever the Debt is purchased by another collection agency.

11. On March 27, 2000 Jordan had a telephone conversation with Diana Demars. During this conversation, Jordan stated:

a. If the Plaintiffs did nothing, Coldata would probably sue; and

b. The Bankruptcy Court has contacted Coldata regarding this account.

12. The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

13. The foregoing acts and omissions of the Defendants were undertaken by each of them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiffs.

14. The foregoing acts and omissions of the Defendants were undertaken by each of them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiffs.

**First Claim for Relief**

15. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendants' violations of the FDCPA include, but are not limited to the following:

a. In violation of 15 U.S.C. § 1692d, the Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included failing to exercise reasonable care in ascertaining the facts prior to making a demand for payment and practicing and/or assisting in the unauthorized practice of law.

b. In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendants used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

c. In violation of 15 U.S.C. 1692e(5) and the "least sophisticated consumer standard," the Defendants threatened to take an action which cannot legally be taken or that is not intended to be taken.

d. In violation of 15 U.S.C. § 1692f, the Defendants used unfair or unconscionable means to collect or attempt to collect a consumer debt which means included failing to exercise reasonable care in ascertaining the facts prior to making a demand for payment and practicing and/or assisting in the unauthorized practice of law.

e. In violation of 15 U.S.C. § 1692d, Defendant Coldata, Inc. engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included engaging in collection without first satisfying the requirements of Tex. Fin. Code Ann. § 392.101.

f. In violation of 15 U.S.C. § 1692f, Defendant Coldata, Inc. used unfair or unconscionable means to collect or attempt to collect a consumer debt which means included engaging in collection without first satisfying the requirements of Tex. Fin. Code Ann. § 392.101.

16. Under 15 U.S.C. § 1692k, Defendants' violations of the FDCPA render them jointly and severally liable to Plaintiffs for statutory damages, costs, and reasonable attorney's fees.

**Second Claim for Relief**

17. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendants violations of the TDCA include, but are not limited to the following:

a. In violation of Tex. Fin. Code § 392.301(a)(8), the Defendants threatened to take (and/or did take) an action prohibited by law.

b. In violation of Tex. Fin. Code § 392.304(a)(8), the Defendants misrepresented the character of a consumer debt.

c. In violation of Tex. Fin. Code § 392.304(a)(8), the Defendants misrepresented the status of a consumer debt.

d. In violation of Tex. Fin. Code Ann. § 392.101, Defendant Coldata, Inc. engaged in debt collection in Texas without first obtaining a surety bond (as required by Tex. Fin. Code Ann. § 392.101) and filing a copy thereof with the Texas Secretary of State.

18. Under Tex. Fin. Code Ann. § 392.403, the Defendants' violations of the TDCA render them jointly and severally liable to Plaintiffs for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

**Prayer for Relief**

WHEREFORE, the Plaintiffs pray that this Court:

1. Declare that Defendants' actions violate the FDCPA and the TDCA.

2. Enjoin the Defendants' actions which violate the FDCPA and the TDCA.

3. Enter judgment in favor of Plaintiffs and against Defendants for statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403

4. Grant such further relief as deemed just.

Dated: March 21, 2001.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

The Miller & Miller Firm, PLLC
714 W. Magnolia
Fort Worth, Texas 76104
Voice: 817-335-3396
Fax: 817-870-2674

# DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury in this action.

Dated: March 21, 2001.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

The Miller & Miller Firm, PLLC
714 W. Magnolia
Fort Worth, Texas 76104
Voice: 817-335-3396
Fax: 817-870-2674